## City of Eaton Rapids v. Jay Houpt.

*Justices of the peace—Jurisdiction—Municipal corporations—Set-off.*

1. While *justices'* courts have no jurisdiction of actions brought *against* municipal corporations (How. Stat. § 6861), suits in their *favor* may be prosecuted in *said* courts under How. Stat. § 6814, and the defendant is entitled to interpose the *same* defenses, by way of set-off or otherwise, that he might if sued by an *individual.*

2. Where, in a suit by a city against its pound-master to collect certain fees which under the ordinance he should have paid to the city treasurer to belong to the *general* fund, he sought to set off a claim for highway work audited in his favor, and payable out of the highway fund, and it appeared that there was money in the highway fund to meet said claim,—

   *Held*, that it was a proper subject of set-off, and that a transfer from the *special* fund could be made upon the corporate books, as held in *McBrian v. City of Grand Rapids*, 56 Mich. 95.

Error to Eaton. (Hooker, J.) Argued October 5, 1886. Decided October 28, 1886.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion and head-notes.

*John M. Corbin,* for appellant.

*H. S. Maynard,* for plaintiff.

CHAMPLIN, J. In the year 1883 defendant was pound-master in the city of Eaton Rapids, and, as such, received certain fees which he did not pay over to the city treasurer.

An ordinance, the validity of which is not questioned, in force at the time, reads as follows:

"Sec. 5. The pound-master shall, so often as he may be required by the common council, and at least once in six months, render a true statement of all fees and moneys received by him by virtue of his office to the common council, and promptly pay to the city treasurer all fees and moneys due to the city, with an account of the names of the persons paying the same. The moneys so reported to have been paid to the treasurer shall be charged by the recorder to the general fund, and the moneys so paid to the treasurer shall be credited by him to the general fund."

This action was brought to recover the amount of these fees from the defendant.

The defendant pleaded the general issue, and gave notice of set-off, and also of the following special defense:

"That some time in the month of November, A. D. 1883, he made a report to the common council of said city of Eaton Rapids that he had received the sum of seven dollars pound fees, which he then owed the city; that such report was accepted, but whether any memorandum of such report was made on the recorder's minutes defendant is unable to state; that on the thirteenth day of November, A. D. 1883, the said common council allowed a claim against the city in favor of the defendant for the sum of $8.10; that on the twenty-first day of November, A. D. 1883, this defendant made an arrangement with the recorder of said city that he was to draw an order of $1.10 of said claim, and allow the seven dollars to remain in the city treasurer's hands to balance the said seven dollars pound fees; that this defendant has never drawn said seven dollars, nor any portion thereof, and that the common council of said city, and the recorder of this city, and city attorney, were notified of this defendant's claim of payment before the commencement of this suit."

Upon the trial it was a disputed fact whether the defendant had left in the city treasury the amount of seven dollars

which he directed the recorder to credit to the general fund to liquidate his liability for fees, or whether he had authorized it to be drawn and appropriated to the payment of a debt he owed to the recorder.

At the conclusion of the testimony the counsel for plaintiff moved to strike out the evidence introduced by the defense tending to establish a set-off, for the reason, if true, under the law and admitted facts of the case, it would not be a defense to the action. The court took this view, and directed a verdict for the plaintiff of seven dollars.

The plaintiff's counsel contends that the action of the court was proper, for two reasons:

1. The suit was commenced before a justice of the peace, and a justice has no jurisdiction of actions brought *against* a municipal corporation; that a set-off is, in effect, a cross-action, and therefore the justice had no jurisdiction to pass upon the set-off as a claim against the city.

2. The charter of the city provides for a highway fund, and the labor performed upon the highways is to be paid for out of this fund, while the fees collected by the pound-master are payable into and belong to the general fund. The charter also provides that money can only be drawn from the treasury by a warrant signed by the recorder and countersigned by the mayor, which shall specify the purpose for which, and the particular fund from which, the amount is to be paid, and to allow a set-off in this action would practically nullify these charter provisions.

The objection first stated is technical. Actions cannot be brought by an individual against a municipal corporation. Section 6861, How. Stat., declares that—

"All actions against corporations, *except* municipal corporations, shall be *cognizable* before a justice of the peace in like manner and with the like restrictions as the same are or may be by law before a justice of the peace when brought against an *individual*."

Section 6814 confers *original* jurisdiction upon justices of the peace of all civil actions wherein the debt or damages do not exceed $100, and gives them power to hear, try, and de-

termine the same according to law. It was by virtue of *this* section that the justice had jurisdiction to hear, try, and determine the case brought *by* the plaintiff against the defendant. His jurisdiction having obtained, he is authorized to determine the case according to law. Every defense is open to a defendant when called into court at the suit of a municipal corporation that is open when he is sued by an individual. The law permits the defense of set-off to be made in a justice's court, and there exists no disqualification in such court to hear, try, and determine the suit according to law.

The second objection is likewise untenable. The amount due to defendant, and which he sought to set off, was liquidated, and had been allowed as a proper claim against the city. Whatever obstacles there may be in the way of setting off a claim payable out of a special fund against one due to the general fund, when there are no funds in the special fund to meet it, it is sufficient to say that no such obstacles appear upon this record. Where there is money in the fund to meet the claim made against it, and nothing is needed but a simple transfer upon the books of the corporation, there can be no good reason why the claim should not be set off. This identical question came before us in the case of *McBrian v. City of Grand Rapids,* 56 Mich. 95, where the plaintiffs had a contract with the city for building a sewer, and were to be paid out of a special fund created for the purpose. The city had a claim against them for water used, which was, when collected, payable into the general fund. It was said in that case that—

"The law requiring all moneys received from the use of water supplied to citizens to be paid into the city treasury does not prevent the court from allowing the set-off. It would be a mere matter of transfer of the amount allowed as set-off, equal to the balance due upon the contract, upon the city treasurer's books, from the special fund provided for the purpose of constructing the sewer in question to the appropriate fund, all of which is within the control of the common council."

The judgment must be reversed, and a new trial granted. The defendant will recover his costs of both courts.

The other Justices concurred.